IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

DAJUAN M. DIGGS,              )

          )

     Plaintiff,           )

          )

v.                     )     Civil Action No. 3:18CV821–HEH

          )

E. CARTER,          )

          )

     Defendant.        )

## MEMORANDUM OPINION
### (Denying Motion to Reopen Action or Appeal Period)

By Memorandum Opinion and Order entered on February 15 and 19, 2019,[1] the Court dismissed this action based on *pro se* Plaintiff Dajuan Diggs' failure to file a consent to collection of fees form as previously directed by the Court. (ECF Nos. 6, 7.) The matter is now before the Court in response to a May 12, 2026 letter in which Diggs inquires whether he "can correct [his] error and reinstate [this] action via [the] appeal process to reactivate this civil action." ("Motion to Reopen," ECF No. 9.) This letter can be read in two ways: to seek a reopening of (1) the appeal period, or (2) the action outright. Regardless of the specific nature of Diggs' request, he is not entitled to relief.

The Court first assumes Diggs requests a reopening of the appeal period. Such a request is governed by Federal Rule of Appellate Procedure 4(a)(6), which provides:

> (6) *Reopening the Time to File an Appeal.* The district court may reopen the time to file an appeal for a period of 14 days after the date when its

---

[1] The Court's Memorandum Opinion was entered on February 15, 2019 (ECF No. 6), and the Order effecting dismissal was entered on February 19, 2019 (ECF No. 7).

order to reopen is entered, but only if all the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) [1] of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Here, Diggs cannot satisfy subsection (B) because his Motion to Reopen was filed over seven years and two months after the entry of judgment on February 19, 2019. Needless to say, this far exceeds the 180-day limit for filing such a request. Accordingly, Diggs is not entitled to a reopening of the appeal period. *See United States v. Cash*, 241 F. App'x 102, 103 (4th Cir. July 23, 2007) ("Because Cash's motion to reopen was filed more than 180 days after the district court's orders were entered, the district court lacked authority to reopen the appeal period." (citing *Hensley v. Chesapeake & Ohio Ry. Co.*, 651 F.2d 226, 228 (4th Cir. 1981))).[2]

The Court now turns to Diggs' possible request to reopen this action outright. Such a request is governed by Federal Rule of Civil Procedure 60(b). This rule allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir.

---

[2] Even if the Court were to construe an earlier letter—one dated April 24, 2026 (*see* ECF No. 8)—as a motion to reopen the appeal period, that motion would also be years too late to entitle Diggs to relief.

2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). Any party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993). *See also* Fed. R. Civ. P. 60(c)(1) (providing that parties must move for reconsideration within a "reasonable time").

Here, in waiting over seven years to file his Motion to Reopen, Diggs has failed to move for relief within a reasonable time. *See, e.g., McLawhorn v. John W. Daniel Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citing *Cent. Oper. Co. v. Util. Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). He has also failed to identify any extraordinary circumstances that would justify relief under Rule 60(b).

Accordingly, Diggs' Motion to Reopen (ECF No. 9) will be denied. An appropriate Order will accompany this Memorandum Opinion.

_____ /s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: June 2, 2026
Richmond, Virginia

3